IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER SCOTT SNIDER, )
)
    Plaintiff, )
)
) CIV-10-1036-M
v. )
)
UNITED STATES OF AMERICA, et al., )
)
    Defendants. )

REPORT AND RECOMMENDATION

    Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint filed September 22, 2010, Plaintiff alleges various constitutional deprivations occurring during his confinement at the Grady County Law Enforcement Center in Chickasha, Oklahoma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed pursuant to 28 U.S.C. §§ 1915A(2) and 1915(e)(2)(B).

I. Statutory Screening of Prisoner Complaints

    In considering a civil complaint filed by a prisoner, the court has the responsibility to

screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. §1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 550 U.S. at 555. In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but not "conclusory allegations" to be true. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted). A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Background and Plaintiff's Claims

In his 38-page Complaint, Plaintiff alleges that he was confined at the Grady County Law Enforcement Center ("GCLEC") between February 14, 2007 and March 13, 2008, as a pretrial detainee in the custody of the United States Marshals Service ("USMS") facing federal criminal charges in this Court. 0n March 13, 2008, Plaintiff states that he was transferred to another county jail as a pretrial detainee facing state criminal charges and later transferred to a third county jail. Complaint, at 11, 23, 32. Plaintiff states that he was returned to federal custody on March 13, 2009, and confined at GCLEC for a brief period of time from March 13, 2009 until March 24, 2009, when he was transferred to the custody of the United States Bureau of Prisons. Complaint, at 11, 23, 32. Plaintiff is currently in custody at the United States Penitentiary in Leavenworth, Kansas, serving a 120-month term of imprisonment for his conviction for aiding and abetting the possession of stolen firearms. Plaintiff also has numerous future sentences to serve for convictions entered in the District Court of Oklahoma County in Case Nos. CF-2004-1607, CF-2004-5560, and CF-2007-3037.

In his Complaint, Plaintiff names 32 Defendants, including the United States of America, the State of Oklahoma, the Oklahoma State Department of Health, the USMS, Grady County, GCLEC, and 26 individuals employed at GCLEC during the relevant time periods. Plaintiff alleges seven grounds for relief under 42 U.S.C. § 1983.

In ground one, Plaintiff alleges that he was denied access to a law library at GCLEC "during the period of February 14, 2007, through March 24, 2009," and denied access to an administrative remedy. Complaint, at 11-18. In ground two, Plaintiff alleges the conditions

of his confinement beginning January 8, 2008 through March 10, 2008 (sixty-two days) that he was confined in the GCLEC's segregation unit violated his Eighth Amendment rights. Complaint, at 18-22.[1] In ground three, Plaintiff alleges that GCLEC staff was deliberately indifferent to his medical needs from January 20, 2008 until March 10, 2008. Complaint, at 22-25.[2]

In his fourth ground, Plaintiff alleges a denial of his right of access to the courts, to his defense attorney, and to an administrative grievance procedure. Complaint, at 25-28. The dates listed in the Complaint with respect to these claims span the time period from February 16, 2007 to January 24, 2008. In ground five, Plaintiff contends his right to due process was violated because of his "mental injuries" resulting from the sixty-two days he was confined in the GCLEC segregation unit in early 2008. In ground six, Plaintiff contends he was denied due process because of the high cost of postage stamps, which were one cent above

---

[1] Plaintiff alleged this same claim in a previous action filed by Plaintiff in this Court, Snider v. United States of America, et al., Case No. CIV-09-822-M. In that action, the undersigned entered a Report and Recommendation recommending that Defendants United States of America, USMS, State of Oklahoma, and Oklahoma State Department of Health be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) on the ground of immunity and that Defendants Grady County, GCLEC and several individual Defendants be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which § 1983 relief may be granted. In a Supplemental Report and Recommendation, the undersigned recommended that Defendants Wyatt, Forsythe, and Ryans' Motion for Summary Judgment concerning Plaintiff's Eighth Amendment claims of unconstitutional conditions of confinement and medical care during the period of time he was confined in a segregation cell at GCLEC between January 8, 2008 and March 10, 2008 be granted due to Plaintiff's failure to exhaust administrative remedies. These recommendations were adopted by United States District Judge Miles-LaGrange, and Plaintiff did not appeal the Order and Judgment entered against him by Judge Miles-LaGrange.

[2] See supra note 1.

4

face value. Complaint, at 30. The only date identified in this claim is February 17, 2007.

In ground seven, Plaintiff contends that Defendants Forsythe, Wyatt, and Ryans "manufactured documents" they filed in a previous 42 U.S.C. § 1983 action filed by Plaintiff in this Court, Snider v. United States of America, et al., Case No. CIV-09-822-W. Complaint, at 31. Plaintiff refers to a "Report the Cell File" which Plaintiff contends shows Plaintiff was confined at GCLEC on dates when he was not actually confined at the Grady County jail. Complaint, at 31-32. Plaintiff contends that the allegedly falsified record was created to "obstruct justice and continue to deny [Plaintiff] his right to Due Process when he brought his case before this Honorable Court, trying to get justice on his behalf for the defendants' wrong doings." Complaint, at 33.

In his Complaint, Plaintiff requests monetary relief, an order directing GCLEC "to put in place a Law Library," modification of his federal criminal sentence "to time served," modification of his state sentences to "time served," an order directing a criminal investigation by the United States Attorney General and the United States Attorney, and a temporary restraining order to prevent retaliation intended "to try and coerce or threaten [Plaintiff] to withdraw or dismiss his lawsuit." Complaint , at 35-36.

III. Defendants United States of America and USMS

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). See United States v. Mitchell, 463 U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Assuming the truth of Plaintiff's allegation that he was in the custody of the USMS between January 8, 2008 and March 10, 2008, and again from March 13, 2009 to March 24, 2009, Plaintiff has not shown that the United States has given its consent to be sued under 42 U.S.C. § 1983. Accordingly, Plaintiff has failed to state a plausible claim against the United States of America or its agency, the USMS, and Plaintiff's claims against the United States of America and the USMS should be dismissed with prejudice pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B) on the ground of immunity.

IV. Defendants State of Oklahoma and Oklahoma State Department of Health

The immunity conveyed by the Eleventh Amendment also bars Plaintiff's suit against Defendants State of Oklahoma and the Oklahoma State Department of Health.. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989)(states and governmental entities considered "arms of the State" are immune from § 1983 actions under Eleventh Amendment). Accordingly, Defendants State of Oklahoma and Oklahoma State Department of Health should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) on the ground of immunity.

V. Defendants Grady County and GCLEC

"Municipal entities and local governing bodies are not entitled to the traditional common law immunities for § 1983 claims [and therefore] do not enjoy absolute immunity from suit under § 1983." Moss v. Kopp, 559 F.3d 1155, 1168 (10th Cir. 2009). However, "[t]o establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2)

6

that caused the plaintiff to suffer deprivation of constitutional or other federal rights." Id. Considering the allegations in the Complaint, Plaintiff seeks to hold Grady County and GCLEC liable only because of the acts of these entities' individual employees. "'[A] municipality cannot be liable under § 1983 on a *respondeat superior* theory.'" Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993)(quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). As Plaintiff has failed to state a plausible claim for relief against Defendants Grady County and GCLEC, Defendants Grady County and GCLEC should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

VI. Statute of Limitations

A court may "consider affirmative defenses sua sponte" for the purpose of dismissal under 28 U.S.C. § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fratus v. Deland, 49 F.3d 673, 674-675 (10th Cir. 1995)(quotations and alterations omitted). In this case, the allegations in the Complaint clearly show that Plaintiff's claims for relief in grounds two, three, four, five, six, and the majority of his claims for relief in ground one are barred by the applicable statute of limitations. Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply state statutes of limitations for personal injury actions in section 1983 actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). For section 1983 actions arising in Oklahoma, Oklahoma's two year statute of limitations for personal injury suits applies. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998).

To the extent Plaintiff seeks monetary or equitable relief under 42 U.S.C. § 1983 for the allegedly unconstitutional conditions of his confinement, denial of access to a law library, denial of access to an administrative grievance procedure, deliberate indifference to his medical needs, or other complaints concerning his detention in the GCLEC in 2007 and 2008 (prior to his transfer to state custody in March 2008) in grounds one through six, Plaintiff's claims are barred by Oklahoma's two-year statute of limitations. See Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005). Plaintiff's Complaint provides no allegation or evidence to support the application of Oklahoma's limited tolling exceptions. See Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004), cert. denied, 544 U.S. 1044 (2005). As it is "clear from the face of the complaint that there are no meritorious tolling issues," the action may be dismissed *sua sponte*. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). Plaintiff's claims against the individual Defendants in grounds one through six concerning his detention in the GCLEC in 2007 and 2008 (prior to his transfer to state custody in March 2008) should be dismissed with prejudice pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B) on the ground they are barred by the applicable statute of limitations.

VII. Access to Courts

In his remaining claims in ground one, Plaintiff alleges that the individual Defendants denied him access to a law library and denied him access to an administrative grievance procedure during the brief period of time in March 2009 that he was in federal custody and confined at GCLEC. These claims are not barred by the applicable two-year statute of

limitations. However, the claims are frivolous. In <u>Bounds v. Smith</u>, 430 U.S. 817 (1977), the Supreme Court recognized that inmates have a well-established constitutional right of access to the courts and that States must affirmatively assure that inmates are provided "meaningful access to the courts." <u>Id.</u> at 820-821, 824. Nevertheless, the Court recognized that its decision "does not foreclose alternative means to achieve that goal," and that States may choose to provide prisoners "with adequate law libraries or adequate assistance from persons trained in the law" which will ensure that prisoners have "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." <u>Id.</u> at 825, 828, 830. Because there is no "abstract, freestanding right to a law library or legal assistance," an inmate alleging a denial of his right of access to the courts must show actual injury, and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Hence, the inmate must show that deficiencies in the law library or legal assistance program actually "hindered his efforts to pursue a legal claim" in order to establish a violation of his constitutional right of access to the courts. <u>Id.</u>

Assuming the truth of Plaintiff's assertions that his requests for access to a law library were denied during March 2009, Plaintiff has not alleged facts showing that his lack of access to a law library actually hindered him from pursuing a legal claim. Plaintiff alleges only that he might have proceeded *pro se* in pending state criminal proceedings or he might have received shorter sentences if he had been given access to a law library. However, these allegations are vague and fail to demonstrate prejudice. Plaintiff does not, for instance,

9

allege, and there is no evidence demonstrating, that he requested or was granted leave to proceed *pro se* in any state criminal proceeding or that he was unable to present a defense to the state or federal charges with retained or appointed counsel.

Moreover, assuming the truth of Plaintiff's allegation that he was denied access to an administrative grievance procedure during this brief period of time in March 2009, "an inmate's rights are not per se compromised by the [jail's] refusal to entertain his grievances." Hornsby v. Jones, 188 Fed. Appx. 684, 690, 2006 WL 1728022, *4 (10th Cir. June 26, 2006)(unpublished op.). Plaintiff has failed to state a plausible claim for relief in ground one with respect to the allegations that he was denied access to a law library and to an administrative grievance procedure in March 2009, and Plaintiff's claims against the individual Defendants should be dismissed without prejudice pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B).

VIII. Fraudulent Evidence - Access to Courts

Plaintiff alleges in ground seven that he was denied due process when Defendants Forsythe, Wyatt, and Ryans submitted fraudulent documentary evidence in a previous civil action filed by Plaintiff in this Court and that this action "obstruct[ed] justice . . . ." Complaint, at 33. The gist of his claim is not clear, but Plaintiff may be alleging that Defendants Forsythe, Wyatt, and Ryans denied Plaintiff his constitutionally-protected right of access to the courts. Plaintiff describes the allegedly "manufactured documents" as GCLEC records reflecting Plaintiff's cell movements during his detention at the jail. Plaintiff alleges he "was never at the GCLEC on the dates listed [in the jail's records]," and

10

therefore the records are fraudulent. Complaint, at 32. Plaintiff does not allege how or whether these cell movement records affected the outcome of the previous action. Taking judicial notice of the Court's own records, judgment was entered for Defendants Wyatt, Forsythe, and Ryans in that action on the ground that Plaintiff had failed to exhaust administrative remedies concerning his Eighth Amendment claims. Snider v. United States, Case No. CIV-09-822-M (Order and Judgment entered Aug. 17, 2010). Plaintiff's claim in ground seven is based on an "indisputably meritless legal theory," and it is therefore frivolous. Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir. 1992)("A claim is frivolous or malicious if it is based on an indisputably meritless legal theory.")(quotation omitted). Consequently, Plaintiff's claim in ground seven against Defendants Forsythe Wyatt, and Ryans should be dismissed with prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

IX. Requests for Modification of Sentences

Plaintiff's demand for relief includes a request that the Court modify and/or vacate his federal and state sentences. This claim is not properly brought under § 1983. The Supreme Court has clearly held that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005)(internal quotations omitted). Prisoners may seek such relief only under federal habeas statutes, 28 U.S.C. § 2254 or 28 U.S.C. § 2255, or under state law. Accordingly, Plaintiff's 42 U.S.C. § 1983 claims against Defendants seeking modification or vacation of

Plaintiff's sentences should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as the claims are frivolous.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) on the ground, as more fully explained herein, that the Defendants are immune from the action (as to Defendants United States, USMS, State of Oklahoma, and Oklahoma State Department of Health), on the ground that the claims are barred by the applicable statute of limitation (as to all individual Defendants), on the ground that the claims are frivolous (as to all individual Defendants), or on the ground that the claims fail to state a plausible claim for relief (as to all individual Defendants, Grady County, and GCLEC). Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §§ 1915A(b) or 1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. § 1915(g) upon affirmance or waiver of the opportunity to appeal. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by      November 18th      , 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___29th___ day of ___October___, 2010.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE